UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>(1) DENNIS STANISH , (2) MICHAEL PRYOR, and (3) BELINDA DEBERRY ,<br><br>Defendants. | 4:25-CR-40080-RAL<br><br><br>ORDER ON PENDING MOTIONS AND AMENDED SCHEDULING ORDER |

Defendant Michael Pryor filed a pro se motion for a continuance and a motion to dismiss that this Court has construed as a motion for reconsideration following its recent Opinion and Order Denying Pryor's Motion to Dismiss the Indictment. See Docs. 83, 87, 90, 91.

Defendant Pryor moves this Court to vacate its Opinion and Order denying Pryor's Motion to Dismiss the Indictment, Doc. 87, and dismiss the indictment with prejudice. Doc. 91. In his motion, Pryor reiterates many of the same arguments that he made in his previous motion to dismiss concerning the legality of the underlying investigation and alleged government misconduct. Id. Under the Federal Rules of Criminal Procedure, "[t]here is no explicit authority for a motion to reconsider in criminal cases," and "[f]or such motions, courts apply the standard used in civil cases." United States v. Flenoid, No. 4:03 CR 501, 2025 WL 2799872, at *1 (E.D. Mo. Oct. 1, 2025) (citing United States v. Luger, 837 F.3d 870, 875 (8th Cir. 2016)). "In the civil context," the Eighth Circuit "has been clear that a motion for reconsideration 'serve[s] the limited function of correcting manifest errors of law or fact or . . . present[ing] newly discovered

1

evidence.'" Luger, 837 F.3d at 875 (quoting Bradley Timberland Res. v. Bradley Lumber Co., 712 F.3d 401, 407 (8th Cir. 2013)). A motion for reconsideration "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (cleaned up and citation omitted). This Court has broad discretion in deciding whether to grant or deny a motion to alter or amend its previous decision. Metro. St. Louis Sewer Dist., 440 F.3d at 933; see also Saylor v. Jeffreys, 131 F.4th 864, 868 (8th Cir. 2025) ("[Appellant's] rule 59(e) motion repeated arguments that the district court rejected in dismissing his complaint. There is no ground for reversal."); Voss v. Hous. Auth. of the City of Magnolia, 917 F.3d 618, 626 n.6 (8th Cir. 2019) (concluding "the district court did not abuse its discretion in denying [appellant's] Rule 59(e) motion, which largely repeated the same arguments advanced at the summary judgment stage").

This Court remains comfortable with its ruling denying Pryor's motion to dismiss the indictment and does not find its ruling to be a "manifest error[] of law or fact" meriting a grant of Pryor's renewed motion to dismiss. See Luger, 837 F.3d at 875. This Court's reasoning is contained in its Opinion and Order Denying Motion to Dismiss the Indictment, Doc. 87, and need not be fully recited. Pryor's remedy now lies with an eventual appeal to the Eighth Circuit, which he may file following the entry of judgment in this case if he is later convicted of a crime. See United States v. Ivory, 29 F.3d 1307, 1311 (8th Cir. 1994) ("As a result, prejudgment appellate review is available in criminal cases only for interlocutory orders (1) denying motions to reduce bail, (2) denying motions to dismiss the indictment on double jeopardy grounds, or (3) denying motions to dismiss the indictment on speech and debate grounds."); United States v. Lewis, 844 F.3d 1007, 1010 (8th Cir. 2017) ("Claims in a motion to dismiss other than double jeopardy claims

are appealable if, and only if, they . . . fall within Cohen's collateral-order exception to the final-judgment rule.").

Pryor also moves for a continuance, and counsel for Defendants Dennis Stanish and Belinda Deberry have represented that they also consent. Doc. 90. The Court finds that the ends of justice served by continuing the trial outweigh the best interests of the public and the Defendant in a speedy trial insofar as Pryor has made known to the Court that additional time is needed for adequate preparation. Defendant Stanish had recently sought a continuance on similar grounds.

Within his motion for a continuance, Pryor raises that he has had issues with receiving and reviewing discovery. See Doc. 90 at 3. Pryor asserts he is missing discovery to argue that there is good cause to extend the suppression motion deadline, which was December 19, 2025. Id. However, the discovery that Pryor seeks on the traffic stop and underlying investigation was provided to him before the suppression motion deadline, with the possible exception of the dispatch logs, which the Government was in the process of obtaining in November 2025. See Doc. 75 at 3 ("The government has already provided to Mr. Pryor or soon will provide to him all of the items Mr. Pryor seeks to compel in his motion. It appears that, aside from the dispatch logs, there is nothing further to compel.").[1] And the Government is already required to timely furnish all Brady and Giglio materials under this Court's Scheduling and Case Management Order. See Doc. 39 at 3. If Pryor believes there is still outstanding discovery and has already complied with Local

---

[1] As reviewed in this Court's earlier Opinion and Order, Judge Duffy previously found in denying Pryor's pro se Motion to Compel, Doc. 71, that the Government had turned over or was in the process of turning over all discovery sought by Pryor. Doc. 75 at 3–4. Judge Duffy attached a copy of D.S.D. Crim. LR 16.1 to assist Pryor with further compliance with Local Rule 16.1's requirement that the parties confer in good faith with each other and try to resolve their discovery disputes prior to filing a discovery motion. Id. at 2; Doc. 75-1.

Rule 16.1's meet and confer requirement, he may file a motion to compel, but he has not shown good cause to continue the deadline to file a motion to suppress.

Based on the foregoing, it is therefore

ORDERED that Defendant Pryor's motion to dismiss case, Doc. 91, is denied. It is further

ORDERED that Defendant Pryor's motion for continuance, Doc. 90, is granted. It is further

ORDERED that the following deadlines shall now apply to this case:

| | |
|---|---|
| Suppression/voluntariness motions | This deadline has passed and will not be extended absent a showing of good cause. |
| Responses to suppression/voluntariness motions due | N/A |
| Subpoenas for suppression hearing | N/A |
| Suppression/voluntariness hearing | N/A |
| Disclosure of expert witness identity and reports by both Government and Defendant as required by Fed. R. Crim. P. 16(a)(1)(G) and 16(b)(1)(C) | May 19, 2026 |
| Applications for Writ of Habeas Corpus Ad Testificandum | May 19, 2026 |
| Other non-limine motions | May 26, 2026 |
| Responses to other non-limine motions due | Within seven calendar days after motion is filed |
| Subpoenas for trial | May 26, 2026 |
| Plea agreement or petition to plead and statement of factual basis | May 26, 2026 |

4

| Notify court of status of case | May 26, 2026 |
| --- | --- |
| Disclosure of any rebuttal expert witness and reports conforming to Rule 16(a)(1)(G)(iii) and 16(b)(1)(C)(iii) | June 2, 2026 |
| Motions in limine | June 2, 2026 |
| Proposed jury instructions due | June 2, 2026 |
| Pretrial conference | June 8, 2026, at 2 p.m. |
| Jury trial | June 9, 2026, at 9:00 a.m. |

The period of delay resulting from such continuance is excluded in computing the time within which the trial of the offense must commence. 18 U.S.C. § 3161(h)(7)(A).

All other provisions of the Court's previous orders remain in effect unless specifically changed herein.

DATED this 18th day of February, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE